STORLIE and others, Appellants, vs. HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent.

*September 12—October 14, 1947.*

*Frank L. Morrow* of Eau Claire, for the appellants.

For the respondent there was a brief by *Stafford & Stafford* of Chippewa Falls, and oral argument by *Harold E. Stafford.*

FAIRCHILD, J.  This appeal is concerned with determining whether the evidence sustains the finding of negligence on the part of the driver, the finding of contributory negligence on the part of the guests, and the finding that the guests had assumed the risk of any injury resulting from the driver's control and management of the car.

The trial below proceeded on some theory of negligence. However, the evidence does not disclose what, if anything, constituted the failure to use ordinary care.   There is no evidence in the record as to how the accident happened on which the jury's finding of negligence can be sustained.   The circumstances of the accident may be consistent with the theory that the driver was weary after a long day of factory work in Eau Claire, the trip to Wabasha and the evening's dancing, and

that her weariness resulted in failure to maintain an adequate lookout and in failure to properly manage the car. But did such exhaustion exist?. And did it cause the accident? The occupants of the car testified that the driver had not evidenced sleepiness. The owner of the car testified that she had assured him she was not sleepy. The one occupant who was awake at the time of the accident had been awake at all times up to the time of the accident and had noticed no peculiarities in the driver's handling of the car. She testified that both she and the driver were listening to the radio and that the driver at no time said anything to indicate she was sleepy. This witness did not notice that the driver had any trouble with the car.

Negligence of the driver appears to have been assumed as the cause of the accident. The burden of proof to establish the want of ordinary care rested upon the appellants. The driver, the person who might have fully explained the occurrence, was not called as a witness. The condition of the evidence at the close of the trial was very graphically stated by the juror, Sieberth, when the jury returned for further instructions. He said: "I see where there is no evidence as far as I am personally concerned. Nobody knows what happened on their own say so. We don't have the driver and the only one awake in the car at the time doesn't know what happened. Now, are we to assume because the car went off the road, I mean can we make the assumption on the state of the evidence?"

It would be possible by conjecture to think of several possible causes of the car leaving the road. The driver might have been so evidently exhausted as to warrant the conclusion of assumption of the risk by anyone riding with her; the cause might have been a circumstance that came about so suddenly as to be chargeable solely to the driver; and the cause might have been related entirely to defects in the car, thus relieving the driver. It is not within the proper province of the jury to guess where the truth lies and make that guess the foundation

of a verdict.    This case cannot be distinguished from others in which this court has refused to let the jury speculate as to the cause of an accident when there was no evidence of how it occurred.    *Holborn v. Coombs,* 209 Wis. 556, 245 N. W. 673 ; *Baars v. Benda,* 249 Wis. 65, 23 N. W. (2d) 477.

The result reached below must be affirmed because the material incidents are not disclosed.    There is no evidence to sustain the jury's findings of negligence on the part of the driver.    However, as we mentioned above, the jury apparently assumed that the driver's weariness caused improper lookout and management and control, and the jury made further findings of assumption of risk and contributory negligence.    These findings raise problems that merit discussion, although they do not control this case.

If it could have been shown that the accident was caused by the driver's weariness and resulting sluggishness in management and control of the car, then if the guests assumed the risks connected with that sort of negligence, they would be barred from recovery.    The jury did find (but without sufficient evidence to sustain its finding) that the driver was negligent as to management and control and as to lookout. The jury also found that each of the guests had acquiesced in the manner in which the driver was operating the automobile and assumed the risk of any injury resulting therefrom.    That the guests did assume the risks inherent in the driver's operation of the car late at night after a tiring day was within the range of possibilities.    All knew that the driver had worked all day before making the trip to Wabasha.    All had been at the same gathering in the evening and all knew that the driver must have been weary, as the guests themselves were.    All realized the hazards of night driving and knew that the road is one with many curves.    If there had been negligence on the part of the driver, and if that negligence as to control and management of the car were caused by her weariness, then the jury's finding that the guests assumed the risk of that negli-

gence would have been warranted. Under the reasoning of *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 410, 249 N. W. 278, and *Scory v. LaFave*, 215 Wis. 21, 27, 254 N. W. 643, a holding that the guests must be assumed to have consented to the risk of negligent lookout, although not actually acquiescing in it, might be sustained since that negligent lookout could not, practically speaking, be separated from negligent management and control due to weariness.

Their assumption of these risks would completely bar the guests from recovering from the host, and it would be unnecessary to consider whether or not the evidence sustained a finding of contributory negligence on the part of the guests. However, it may be well to point out, in view of the thought expressed by the trial court in its memorandum decision, that assumption of risk and contributory negligence are distinct legal concepts. Assumption of risk is based on a consent to the prevailing and causal circumstances. Such consent may or may not evince a failure to exercise ordinary care. Contributory negligence, of course, always involves a failure to exercise ordinary care under the circumstances, including the duty owed by the actor to others. Since assumption of risk is not necessarily negligence, it is misleading to speak of adding it to contributory negligence, as the trial court did here, to determine that the negligence of the guests was at least equal to the negligence of the driver and therefore precluded recovery by the guests. The action fails because the cause alleged is not proved.

*By the Court.*—Judgment affirmed.