CHRISTENSEN, Administrator, Appellant, v. TOLLISON and another, Respondents.

*April 7—May 5, 1959.*

For the appellant there were briefs by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur J. Kaftan.*

For the respondents there was a brief by *Fugina, Kostner & Ward* of Arcadia, and oral argument by *La Vern G. Kostner.*

BROWN, J.  The accident occurred when Tollison, the driver, fell asleep and failed to round a curve in the highway. Christensen, the passenger, was asleep then and had been for some time.

In a special verdict the jury found that:

(1) Tollison was negligent in increasing the danger assumed by Christensen when he entered Tollison's automobile, or creating a new danger, both in respect to speed and lookout, and each such negligence was a cause of the accident.

(2) That Christensen assumed the risk of such speed and lookout.

(3) That Christensen was causally negligent in respect to lookout and to giving warning to the driver.

(4) That Christensen's causal negligence was 15 per cent and Tollison's was 85 per cent.

(5) Award of damages, not in issue.

The brief of appellant informs us that the only questions concern the support of the finding that Christensen had assumed the risk of the new or increased risk.

There is little dispute about the facts. Tollison, aged twenty-three, and Christensen, twenty-four, were night-workers in the post office in St. Paul, Minnesota. (All times and distances were testified to approximately.) They finished work about 7 a. m. October 13, 1956. Tollison, at least, then got a few hours of sleep but from and after

1:30 p. m. they were enjoying their leisure in each other's company. Up to 9:30 p. m. they each drank nine or 10 large bottles or cans of beer. By then it occurred to them to go in Tollison's automobile to see some girls in Madison, Wisconsin, approximately 270 miles away. When the men reached Arkansaw, Wisconsin, they found a dance in progress and they stopped there from 10:30 p. m. to midnight. During that time they drank six or seven small bottles of beer. Continuing their journey they reached a tavern called "Club Ten" near Durand, where each had a drink of whiskey and sour. This was about 1 a. m. Christensen became ill in front of the club and it was necessary to let him leave the car and throw up.

The men decided to continue their journey, with Tollison doing the driving, and then Christensen went to sleep. Tollison testified that he felt the effect of his liquor but he did not consider that he was intoxicated or sleepy when they resumed the trip, but he began to feel drowsy fifteen to twenty minutes before the accident. While Tollison was driving at a rate of 55 or 60 miles per hour, he dropped off to sleep just before reaching a curve in the road. He awoke when his car went onto the gravel shoulder but he was then unable to control the automobile and it rolled over, causing the injuries to Christensen. The scene of the accident was about 65 miles from Club Ten and Christensen was asleep all during that time.

In reply to questions of plaintiff's counsel Tollison said the companions agreed that if either driver became tired the other would drive or else they would stop.

Appellant's argument is that (1) when Christensen fell asleep there was then no present danger but only a possibility that a danger might later appear; (2) that Christensen had no knowledge or appreciation of a danger since none was present; and (3) he did not consent to proceed in the face of danger since he could not expect that Tollison would

act negligently by driving while sleepy and, particularly, Christensen affirmatively refused consent to proceed by the agreement that Tollison would not drive while sleepy.

The elements required to be present for assumption of risk in a host-guest case are a hazard inconsistent with the safety of the guest, the guest knew or ought to have known and appreciated the hazard, and the guest acquiesced in proceeding in the face of the hazard. *Markovich v. Schlafke* (1939), 230 Wis. 639, 284 N. W. 516.

We cannot accept appellant's conclusions that there is no evidence to sustain the verdict that Christensen assumed these future risks. Appellant submits that Christensen could not know of the danger because at that moment there was none, and that before Christensen went to sleep he could not anticipate the danger, because Tollison was then not sleepy; that Christensen was entitled to rely generally on the presumption that Tollison would drive in a careful, lawful manner; and, that the men agreed that if the driver became sleepy he would not continue driving.

No doubt the accident came about because Tollison fell asleep at the wheel and appellant seeks to confine the argument to the risk of Tollison's sleeping. We think the risk assumed is broader than the risk of a drowsy driver, though the risk which Christensen assumed does include that. The two men spent the day together and drank a large quantity of beer and other intoxicants. Christensen's indulgence incapacitated him. He knew Tollison was equally as long on drink and short on sleep as Christensen was. A jury may well find that Christensen knew or should have known under those circumstances that Tollison was an unreliable driver, and whatever might be the consequences reasonably attributable to the long hours and the protracted drinking, the jury might find that the risk of those consequences was assumed. We quote from *Vandenack v. Crosby* (1957), 275 Wis. 421, 435, 82 N. W. (2d) 307:

"It is common knowledge that the consumption of alcoholic beverages does have a tendency to dull the senses of perception, although the quantity of alcohol sufficient to produce such result in one individual may have no apparent effect on another. . . . It would be permissible for the jury to draw the inference that Vandenack's failure of lookout was not due to some momentary lapse but rather to the effect of the five glasses of beer he had drunk at the tavern. Mrs. Vandenack had accompanied her husband to the tavern and had been with him when he did this drinking. She, therefore, must be deemed to have assumed any risk resulting from his failure to maintain a proper lookout due to the drinking."

In another case, not involving drinking, we suggested an assumption of risk by passengers who went to sleep when their driver was overcome by fatigue. We quote from *Storlie v. Hartford Accident & Indemnity Co.* (1947), 251 Wis. 340, 344, 28 N. W. (2d) 920:

"That the guests did assume the risks inherent in the driver's operation of the car late at night after a tiring day was within the range of possibilities. All knew that the driver had worked all day before making the trip to Wabasha. All had been at the same gathering in the evening and all knew that the driver must have been weary, as the guests themselves were. All realized the hazards of night driving and knew that the road is one with many curves. If there had been negligence on the part of the driver, and if that negligence as to control and management of the car were caused by her weariness, then the jury's finding that the guests assumed the risk of that negligence would have been warranted."

The cause of the *Storlie* accident was not established and the decision rested on other grounds, so the quoted portion is dictum, but we consider it to be sound law.

We do not consider the form of the verdict defective, as appellant contends, and certainly not prejudicial to appellant.

Very likely, an underlying cause of Tollison's negligent driving was in falling asleep, but the immediate cause of the wreck was Tollison's failure in his lookout and speed when he approached the curve, which is thoroughly established in evidence. We have concluded that Christensen assumed the risks arising from Tollison's prior conduct in which Christensen participated. That will include the resulting drowsiness *and* the more-immediate causal negligence of unsafe speed and deficient lookout. The jury found those risks were assumed and the evidence amply supports the finding. We find no error in the form of the verdict in view of the evidence before the jury and we consider that the judgment dismissing the complaint is required by Christensen's assumption of the risks which produced the catastrophe.

*By the Court.*—Judgment affirmed.