480 P.2d 370

Beverly Offerman LEWIS, Appellant,

v.

Ronald G. COOLEY, as Administrator of the Estate of Francis Arthur Louis, deceased, Appellee.

No. 1 CA–CIV 1094.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 8, 1971.

Rehearing Denied March 8, 1971.
Review Denied March 30, 1971.

Patrick E. Eldridge, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellee.

EUBANK, Judge.

The only issue we must decide on this appeal is whether the trial judge was correct in directing a verdict for the defendant-appellee at the close of plaintiff's case over the plaintiff-appellant's contention that her case should have been presented to the jury under the doctrine of *res ipsa loquitur*.

We must, of course, view the facts in the light most favorable to the plaintiff's case.

The one-car accident with which we are concerned occurred in the early morning hours of New Year's Day, 1967. The plaintiff and appellant, Beverly Offerman Lewis, had worked until about 1:00 A.M. as an entertainer at a nightclub in Phoenix. She thereafter accompanied her escort, the defendant-appellee's decedent, Francis Arthur Louis, to a party in the area of Westown, a shopping center in Phoenix, Arizona. Louis was driving a 1961 Ford automobile. After a glass of champagne, the two decided to drive to another party, in Scottsdale. They had proceeded nearly to Scottsdale when Louis' vehicle ran out of gas. After considerable time and frustration, Louis was able to obtain more gasoline. It was cold, and by this time, both he and plaintiff were exhausted. It being too late to go on to the party in Scottsdale, the two decided to drive to a restaurant for breakfast before going home.

Upon leaving the gasoline station where the tank was filled, Louis turned on his car heater and stereo tape player. Plaintiff testified that she became sleepy, and that after reminding Louis to wake her at the restaurant, she fell asleep on his shoulder. There was no one else in the car. Plaintiff testified that she slept until she was awakened by the impact of the accident, which took place sometime prior to 5:45 A.M.

The accident occurred when Louis' vehicle ran into a palm tree located roughly a car length to the south of the paved portion of West Buckeye Road, a four-lane east-west highway. When the car came to rest against the palm tree it was headed in a generally westerly direction, nearly parallel with Buckeye Road. Louis apparently died immediately. Plaintiff, shaken and

injured, managed to get to a nearby house, and the police were called. The investigating officer testified that it was a clear and cold night, and that the surface of Buckeye Road was dry. He also stated that he could see the tracks left by the tires of Louis' vehicle after it left Buckeye Road until it collided with the palm tree. Reasonably interpreted, the evidence given by this officer indicates that Louis had been traveling west on Buckeye Road, and that his car went off the pavement to the south or left in a straight line at a rather gradual angle.

The Arizona law on the doctrine of *res ipsa loquitur* is set forth in Capps v. American Airlines, Inc., 81 Ariz. 232, 303 P.2d 717 (1956). The jury will be permitted to infer negligence in the absence of specific or direct proof of negligence under the following conditions:

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

(3) it must not have been due to any voluntary action on the part of the plaintiff;

(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury." Capps v. American Airlines, Inc., *supra*, 303 P.2d at page 718 (Emphasis deleted).

See also Wigmore on Evidence, 3rd Ed. § 2509, p. 377.

 We think it clear, without extensive discussion, that on the facts adduced as stated above the case was a proper one for submission to the jury on the doctrine of *res ipsa loquitur*. *See*, generally,

Annot., 79 A.L.R.2d 6, especially pp. 80 *et seq.* (1961), as supplemented; *see*, for somewhat similar factual situations, Rupe v. Smith, 181 Kan. 606, 313 P.2d 293 (1957), and Fiske v. Wilkie, 67 Cal.App.2d 440, 154 P.2d 725 (1945); and *cf.* Throop v. F. E. Young and Co., 94 Ariz. 146, 382 P.2d 560 (1963); Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); Sawyer v. People's Freight Lines, 42 Ariz. 145, 22 P.2d 1080 (1933), and Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P. 2d 809 (1966).[1] In the present case, plaintiff was asleep and Louis had exclusive control of his automobile. Being asleep, plaintiff was in no position to show the particular circumstances resulting in her injuries. There is no indication in the evidence adduced of any agency other than Louis' negligence which might have been operative in producing the injuries in question. See Phen v. All American Bus Lines, Inc., 56 Ariz. 567, 110 P.2d 227 (1941). We think that all conditions were met, and that one permissible inference that the jury might have drawn under the facts was that Louis fell asleep, which behavior would constitute negligence. Brownell v. Freedman, 39 Ariz. 385, 387–388, 6 P.2d 1115, 1116 (1932); Throop, *supra*. The fact that the allegedly negligent actor is deceased does not defeat application of the doctrine of *res ipsa loquitur*. Johnson v. Foster, 202 So.2d 520, 525 (1967 Miss.); and *see* Throop, *supra*; see also Prosser on Torts, 2nd Ed. § 42, p. 209 (1955).

We do not believe that this is the kind of case in which the plaintiff must come forward with evidence to eliminate every conceivable speculative or conjectural cause of the accident other than decedent's negligence. *Cf.* McKeever v. Phoenix Jewish Community Center, 92 Ariz. 121, 123, 374 P.2d 875, 877 (1962). Nor do we think that the doctrine of *res ipsa loquitur*

---

1. *Yoo Thun Lim* holds, in effect, that although the jury might have drawn an inference of negligence from the facts and circumstances of the case, including the fact that defendant's car went off the road, the jury was not required to draw such an inference. The order at issue in the appeal in *Yoo Thun Lim* was one granting a new trial after the case had been submitted to the jury on *res ipsa loquitur* instructions. The Supreme Court impliedly approved submission of the case to the jury on that basis.

**36**

is defeated or rendered inapplicable by any overriding "presumption of due care".

The trend of the cases in this particular area is well indicated by the fact that after rejecting for many years the application of the doctrine of *res ipsa loquitur* in the situation where a car has left the road, *see* Lane v. Dorney, 252 N.C. 90, 113 S.E.2d 33 (1960), the Supreme Court of North Carolina recently reversed its previous position and adopted the majority rule holding the doctrine applicable. *See* Greene v. Nichols, 274 N.C. 18, 161 S.E.2d 521 (1968); 11 Defense L.J. 141, Motor Vehicles and Res Ipsa Loquitur, (1962).

Reversed.

JACOBSON, P. J., and HAIRE, J., concur.