494 P.2d 1328

Joella HILDEBRAND, surviving spouse of George Hewitt Hildebrand, Deceased, Appellant,

v.

George W. MINYARD and Jane Doe Minyard, husband and wife, and Green Thumb Fertilizer & Spreading Co., Inc., an Arizona corporation, Appellees.

No. 1 CA–CIV 1502.

Court of Appeals of Arizona.
Division 1.

March 23, 1972.

Rehearing Denied April 2, 1972.

Review Denied June 6, 1972.

Renaud, Cook, Miller & Cordova, P. A. by J. Gordon Cook, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Robert G. Beshears and James A. Teilborg, Phoenix, for appellees Minyard.

Jennings, Strouss & Salmon by John S. Hobbs, Phoenix, for appellee Green Thumb Fertilizer & Spreading Co.

HOWARD, Judge.

Appellant, plaintiff below, appeals from an adverse jury verdict. The issue in this case revolves around the trial court's giving of an instruction on assumption of risk which appellant claims was unwarranted by the evidence.

Plaintiff's decedent, George Hildebrand, was killed on January 8, 1968, while working on a Michigan loader that he had parked between two buildings within the Herseth Packing Company yard. The decedent was crushed by the left front wheel of the loader as the result of the loader being struck by a tractor which was pulling two trailers filled with fertilizer and was being driven by appellee defendant George W. Minyard in the course and scope of his employment by the appellee defendant Green Thumb Fertilizer and Spreading Company, Inc.

The facts viewed in the light most favorable to the giving of an assumption of risk instruction are as follows: Decedent, George Hildebrand, was called to the Herseth Packing Company on January 8, 1968, to repair a steam steering ramp on a Michigan bucket loader owned by Herseth. Hildebrand arrived at approximately 3:30 p. m. and parked his pick-up north of a shed. At the time he arrived, the loader was located elsewhere in the Herseth yard. A Herseth employee was dispatched to drive the loader to the general vicinity of the shed. Mr. Hildebrand then personally drove the loader to a position where it partially intruded into a driving area within the yard.

After having positioned the loader, Mr. Hildebrand was told by Mr. Kline of the Herseth Packing Company that he was parked in a roadway and that he ought to park the vehicle in another location. However, both Mr. Hildebrand and Mr. Kline believed that there was still room for vehicles to get by. Mr. Hildebrand remarked that ". . . he was only going to be there a little while" and while he was there several vehicles, including trucks and cattle trailers, passed around the loader without any difficulty. The loader was measured at 18 feet in length by 7 feet in width, was over 6 feet high and painted yellow. While Hildebrand and another man by the name of Kimball were working on the loader, appellee George Minyard, driving a tractor pulling two trailers loaded with fertilizer, in attempting to negotiate a turn, ran into the loader causing a wheel from the loader to crush Hildebrand. Minyard claimed that he could not see the loader because it was in a shadow and his vision was obscured by the sun. There is some evidence that just prior to the accident Hildebrand was facing in the direction from which Minyard was coming.

This is another one of those cases demonstrating the failure to understand the difference between contributory negligence and assumption of risk and the failure to appreciate the very limited nature of the defense of assumption of risk.

■ There are two types of assumption of risk, express assumption of risk and implied assumption of risk. In an express assumption of risk situation the plaintiff expressly agrees in advance that the defendant is under no obligation to care for him and shall not be liable for the consequences of conduct which would otherwise be negligent. An example of an express assumption of risk is the free railway pass case, wherein, in consideration of a free pass on the railroad, the passenger assumes all risk of personal injury and loss or damage to his property. See Gonzales v. Baltimore & Ohio R. R., 318 F.2d 294 (4th Cir.), cert. denied, 375 U.S. 911, 84 S.Ct. 208, 11 L.Ed.2d 151 (1963).

Express assumption of risk is covered in Restatement (Second) of Torts § 496(B) (1965) which states:

"A plaintiff who by contract or otherwise expressly agrees to accept a risk of harm arising from the defendant's negligent or reckless conduct cannot recover for such harm, unless the agreement is invalid as contrary to public policy."

Implied assumption of risk is epitomized by Restatement (Second) of Torts § 496(C) (1965):

". . . a plaintiff who fully understands a risk of harm to himself or his things caused by the defendant's conduct or by the condition of the defendant's land or chattels, and who nevertheless voluntarily chooses to enter or remain, or to permit his things to enter or to remain within the area of that risk, under circumstances that manifest his willingness to accept it, is not entitled to recover for harm within that risk." [1]

Implied assumption of risk requires the presence of the following elements:

(1) There must be a risk of harm to plaintiff caused by defendant's conduct or by the condition of the defendant's land or chattels;

(2) Plaintiff must have actual knowledge of the particular risk and appreciate its magnitude. Vierra v. Fifth Avenue Rental Service, 60 Cal.2d 266, 32 Cal.Rptr. 193, 383 P.2d 777 (1963); Goodwin v. Bryant, 227 Cal.App.2d 785, 39 Cal.Rptr. 132 (1964); W. Prosser, Law of Torts 447–48 (4th ed. 1971). (General knowledge of "a danger" is not sufficient. Vierra v. Fifth Avenue Rental Service, supra); and,

(3) The plaintiff must voluntarily choose to enter or remain within the area of the risk under circumstances that manifest his willingness to accept that particular risk.

■ As with express assumption of risk, the touchstone of implied assumption of risk is "consent". Contributory negligence arises when the plaintiff fails to exercise due care. Assumption of risk arises regardless of the due care used. It is based, fundamentally, on consent. Contributory negligence is not. Vierra v. Fifth Avenue Rental Service, supra. In the implied assumption of risk situation the consent is manifested by the plaintiff's actions after he has been informed of the nature and magnitude of the specific danger involved. Therefore, when the plaintiff voluntarily enters into some relationship with the defendant, with knowledge that the defendant will not protect him against the risk, he may then be regarded as tacitly or impliedly consenting to the negligence, and agreeing to take a chance. Thus he may accept employment knowing that he is expected to work with a dangerous horse; or ride in a car with knowledge that the brakes are defective and the driver incompetent; or he may enter a baseball park, sit in an unscreened seat, and thus consent that the players proceed with the game without taking any precautions to protect him from being hit by the ball. The result is that the defendant is simply relieved of the duty which would otherwise exist.

Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971).

---

1. Of course in Arizona one cannot use the language "is not entitled to recover" in any instruction on assumption of risk.

The plaintiff likewise impliedly assumes the risk when he is aware of a risk *already created* by the negligence of the defendant and proceeds to encounter it as where he has been supplied with a chattel which he knows to be unsafe, and proceeds to use it after he has discovered the danger. If this is voluntary choice, it may be found that he has accepted the situation, and consented to relieve the defendant of his duty. *See* W. Prosser, Law of Torts (4th ed. 1971); Restatement (Second) of Torts § 496(A) (1971), comment c(3); Restatement (Second) § 496(C) (1971), comment f.

Putting it into its simplest terms, applying the law to the facts in this case, the question is this: "Did the deceased by his actions impliedly consent that appellee Minyard could run into the loader and that he, the deceased, was willing to take his chances and agreed to relieve Minyard from any duty of due care that Minyard may have owed to him?" Our search of the record has failed to disclose such consent and has further failed to disclose that the deceased had actual knowledge of the specific danger. Although one may assume the risk of the negligence of another if he is fully informed of such negligence, Prescott v. Ralph's Grocery Co., 42 Cal.2d 158, 265 P.2d 904 (1954), one is not, under the doctrine of assumption of risk, bound to anticipate the negligent conduct of others. Vierra v. Fifth Avenue Rental Service, supra; Rogers v. Los Angeles Transit Lines, 45 Cal.2d 414, 289 P.2d 226 (1955); Hidden v. Malinoff, 174 Cal.App.2d 845, 345 P.2d 409 (1959).

The failure to fully appreciate and comprehend the consequences of one's acts is not properly a matter of assumption of risk but, rather, a matter of contributory negligence. Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971).

The standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. Chavez v. Pima County, supra; City of Tucson v. Holliday, 3 Ariz.App. 10, 411 P.2d 183 (1966). All of the evidence in this case clearly shows that the deceased thought there was room for vehicles to safely get by. In fact, several did pass through without incident prior to the accident. At most, deceased may have failed to fully appreciate the consequence of his conduct. This would constitute contributory negligence and not assumption of risk.

In speaking of implied assumption of risk, Prosser, supra at 445, states:

"It is here that there is the greatest misapprehension and confusion as to assumption of risk, and its most frequent misapplication. It is not true that in any case where the plaintiff voluntarily encounters a known danger he necessarily consents to negligence of the defendant which creates it. A pedestrian who walks across the street in the middle of a block, through a stream of traffic travelling at high speed, cannot by any stretch of the imagination be found to consent that the drivers shall not use care to avoid running him down. . . ." *See also* Restatement (Second) of Torts § 496(C) (1971), comment h.

While there may be situations where a person may be found to be contributorily negligent and to have assumed the risk, such as where he voluntarily consents to take an unreasonable risk, such is not the case here.[2]

Appellant claims that the trial court also erred in refusing to direct a verdict in her favor on the issue of liability. The court is justified in directing a verdict only where evidence is insufficient to support a contrary verdict or so weak that the

---

**2.** In City of Tucson v. Holliday, supra, we cited jurisdictions which have abolished implied assumption of risk. New Mexico can be added to this list. *See* Williamson v. Smith, 83 N.M. 336, 491 P.2d 1147 (1971), but *see also* Prosser, supra at 454–57, for reasons for not abolishing the doctrine.

court would feel constrained to set aside such a verdict on a motion for new trial. Costello v. Wood, 89 Ariz. 270, 361 P.2d 10 (1961); Casey v. Beaudry Motor Co., 83 Ariz. 6, 315 P.2d 662 (1957). We do not believe that the evidence in this case mandates a directed verdict on liability.

Appellant has raised other issues in her brief which will not be necessary for us to decide in view of our reversal of this case.

Reversed and remanded for new trial.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.