560 P.2d 1230

**Hezekiah McGRIFF, Jr., Appellant,**

v.

**Snelson W. McGRIFF and Lillian McGriff, his wife, Appellees.**

**No. 12738–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 17, 1977.

Kleinman, Carroll & Kleinman by Jan L. Kleinman, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Michael E. Wolfe, Jolyon Grant, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This action was commenced by Hezekiah McGriff, Jr., against his brother, Snelson W. McGriff, and Lillian McGriff, Snelson's wife, for personal injuries sustained in a one-car accident. A verdict for the defendants was appealed. The Court of Appeals reversed, holding that the trial court had erroneously instructed the jury as to the applicability of the defense of assumption of risk, 26 Ariz.App. 430, 549 P.2d 210 (1976). We accepted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

We will first address ourselves to the question of assumption of risk.

Viewing the facts in the light most favorable to the giving of the assumption of risk instruction, *Evans v. Pickett*, 102 Ariz. 393, 430 P.2d 413 (1967), the following can be said to have occurred. Snelson McGriff, defendant, asked his brother, Hezekiah,

plaintiff, to accompany him on a trip to Los Angeles for the purpose of visiting an ailing sister. The plaintiff agreed, and, accompanied by defendant's wife, they left for Los Angeles at approximately 1:00 a. m. on February 27, 1972. The defendant had slept from about 5:00 p. m. on the 26th until some time before leaving for Los Angeles. He also slept during the trip, although he testified that he did not sleep restfully because he was in an uncomfortable sitting position. After arriving at Los Angeles, the brothers spent the day of the 27th visiting relatives. After agreeing to return to Phoenix the following day, defendant went to bed some time between 9:30 and 10:00 p. m. that night. However, he was awakened by a phone call during the night and informed that plaintiff's brother-in-law had died and that plaintiff wished to return to Phoenix immediately.

■ The parties left Los Angeles at approximately 1:00 a. m. The defendant was driving; but, because he was drowsy, he drove only as far as Pomona, near Los Angeles. Defendant then informed plaintiff that he "couldn't drive, because [he] was getting sleepy," and suggested that they stop at a motel for the night. The plaintiff, however, wanted to continue the trip and drove as far as Blythe, California, where he asked defendant to drive. Defendant testified that he told the plaintiff that he would try. The defendant had slept, at least some, from Pomona to Blythe. After about 40 miles, the car left the road, struck a tree, overturned several times, and the injuries about which plaintiff complains were inflicted.

The elements of assumption of risk are:

(1) There must be a risk of harm to plaintiff caused by defendant's conduct or by the condition of the defendant's land or chattels;

(2) Plaintiff must have actual knowledge of the particular risk and appreciate its magnitude. (General knowledge of "a danger" is not sufficient.)

(3) Plaintiff must voluntarily choose to enter or remain within the area of the risk under circumstances that manifest his willingness to accept that particular risk.

*Hildebrand v. Minyard,* 16 Ariz.App. 583, 585, 494 P.2d 1328, 1330 (1972).

While one is not bound to anticipate the negligence of another,

"* * * it is essential that the risk or danger shall have been known to and appreciated by plaintiff or that it shall have been so obvious that it must be taken to have been known or comprehended." *Bryant v. Thunderbird Academy,* 103 Ariz. 247, 249–50, 439 P.2d 818, 820–21 (1968).

Consistent with the foregoing, the record clearly substantiates the giving of an assumption of risk instruction. The two parties first took a long, tiring trip to Los Angeles and, without sleeping overnight, were returning to Phoenix when the accident occurred. While the defendant may have been fully rested before the trip started, the record indicates that he did not sleep well during the trip, itself. The plaintiff knew this. The trial judge could have concluded that the plaintiff voluntarily rode with a driver whom he knew was not in the best driving condition and that the jury could conclude that plaintiff assumed the risk of an accident which might arise out of defendant's condition. Under the facts presented, the trial judge correctly charged the jury on assumption of risk.

In *Krueger v. Krueger,* 197 Wis. 588, 222 N.W. 784 (1929), the defendant, his mother and brother were returning from a 300-mile trip. For 250 miles, he and his brother alternated driving until they developed car trouble. Unable to make repairs, they were forced to spend the night at the side of the road. The car was repaired in the morning and they proceeded homeward, despite a suggestion that a rest stop be made. The passengers were asleep when the defendant dozed at the wheel, resulting in an accident in which the plaintiff, his mother, was injured. The court held as a matter of law that the plaintiff had "assumed the risk incident to the entire situation." This was

so, the court felt, because the plaintiff knew the defendant's prior driving experience, as well as the facts surrounding the long drive, the loss of sleep, and the discomforts of the preceding night.

In the instant case, the plaintiff knew defendant was 59 years of age, and knew the conditions of the trip under which they had travelled and the amount of sleep the defendant had had. He also knew that the defendant had had an active day with little opportunity to rest. In addition, plaintiff had been told by the defendant that he (defendant) was drowsy and suggested they stop at a motel instead of continuing the trip. Plaintiff was aware of a potential danger inconsistent with his safety and the jury could have concluded that by permitting defendant to drive, plaintiff assumed the risk resulting from his impaired driving ability. We find no error in the trial court's submission of the case to the jury under the doctrine of assumed risk.

The plaintiff also contends that it was error to give a contributory negligence instruction.

■■■ The test for contributory negligence is whether the conduct under the circumstances was that of a reasonable, prudent person exercising ordinary care for his own safety. *Bryant v. Thunderbird Academy*, 103 Ariz. at 249, 439 P.2d at 820. The inferences from the evidence, when viewed in the light most favorable to the giving of the instruction on contributory negligence, *Evans v. Pickett*, supra, could support a conclusion that the plaintiff was contributorily negligent because plaintiff permitted the defendant to drive when plaintiff knew that defendant was drowsy. We find no error in the giving of a contributory negligence instruction.

■ The plaintiff contends that the jury should have been instructed on the doctrine of *res ipsa loquitur*. The elements of the doctrine are as follows:

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

(3) it must not have been due to any voluntary action on the part of the plaintiff;

(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury." (Original emphasis omitted.) *Capps v. American Airlines, Inc.*, 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956).

Plaintiff argues that *res ipsa loquitur* was applicable because all four of the above-named elements were present, but we do not think so.

The plaintiff's evidence was such as to suggest why the accident occurred, that the defendant fell asleep at the wheel. The only eyewitness to the accident other than defendant, a driver of a vehicle approaching from the opposite direction, testified that the car did not swerve off the road, but that it gradually left the road. The defendant told the investigating officer at the scene that he thought that he had fallen asleep. He did not deny at the trial falling asleep, but, rather, was unsure of just how the accident occurred, a circumstance from which the jury could conclude the defendant had fallen asleep. The weather was good on the day of the accident and there was no evidence of animals or of debris on the highway which might have caused the accident. We think that it was not necessary for the jury to guess at the cause of the accident, the plaintiff having shown how the accident occurred. *Queen v. Gagliola*, 162 Conn. 164, 170, 292 A.2d 890, 893 (1972); and see 58 Am.Jur.2d, Negligence, § 477.

The plaintiff, however, contends that the principle quoted with approval in *Throop v. F. E. Young & Co.*, 94 Ariz. 146, 382 P.2d 560 (1963), is applicable here. The quotation taken from Anno., Evidence of Specific Negligence as Affecting Reliance on Res Ipsa Loquitur, 33 A.L.R.2d 791, at 805, states:

"Most of the cases stating and applying the rule that an unsuccessful attempt by the plaintiff to prove specific negligence, or his introduction of evidence of specific negligence which does not clearly establish the precise cause of the injury, will not preclude reliance on the otherwise-applicable res ipsa doctrine, have apparently taken the view that, *except in the clearest cases*, both the specific evidence and the appropriate inferences from the happening of the accident should be permitted to go to the jury, which, if it rejects the specific proof, may still find against the defendant on the basis of the inference." (Emphasis added.)

See, also, *O'Donnell v. Maves*, 103 Ariz. 28, 31–32, 436 P.2d 577, 580–81 (1968).

However, the principle would not apply here, because the evidence very clearly establishes that the cause of the accident was the defendant's falling asleep at the wheel.

Moreover, since at Blythe the plaintiff permitted the defendant to drive, although defendant was drowsy and wanted to stop, the accident would have to be attributed to the voluntary action on the part of the plaintiff. We hold it was not error to refuse to instruct the jury on *res ipsa loquitur*.

The plaintiff next argues that if this Court finds that the evidence clearly established that the defendant fell asleep at the wheel, then this necessarily means that the trial court erred in not instructing the jury that the defendant was negligent as a matter of law. This is so, argues the plaintiff, because falling asleep at the wheel is prima facie evidence of negligence unless circumstances tend to show excuse or justification of the defendant's conduct, *Brownell v. Freedman*, 39 Ariz. 385, 6 P.2d 1115 (1932); and *see* Anno., Physical Defect, Illness, Drowsiness, or Falling Asleep of Motor Vehicle Operator as Affecting Liability for Injury, 28 A.L.R.2d 12, 45–50.

If the evidence that defendant fell asleep were conclusive, we would be more inclined to agree, but it was not. While the investi-gating officer testified that defendant told him that he thought that he had fallen asleep, the defendant, himself, testified that he was not sure what had occurred. He testified:

"Q. Do you remember getting sleepy?

A. No. I don't remember ever getting sleepy."

Hence, the trial court did not err in failing to find the defendant negligent as a matter of law and in failing to instruct the jury that it must find for the plaintiff unless the jury found that he assumed the risk of an accident or was contributorily negligent.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.