606 P.2d 823

**Christopher MACK, Plaintiff/Appellee,**

v.

**Jerry BARNEY, Rex Barney and Gayle Barney, Defendants/Appellants.**

**No. 2 CA–CIV 3365.**

Court of Appeals of Arizona, Division 2.

Dec. 20, 1979.

Rehearing Denied Jan. 23, 1980.

Review Denied Feb. 13, 1980.

Richàrdson & Mortensen by Wilford R. Richardson, Safford, for plaintiff/appellee.

Jennings, Strouss & Salmon by Jack E. McCall, Phoenix, for defendants/appellants.

OPINION

RICHMOND, Chief Judge.

Defendants appeal from an order granting plaintiff a new trial following a defense verdict on the ground that the jury should not have been instructed on assumption of risk. The order is affirmed.

The evidence viewed in the light most favorable to the giving of the assumption of risk instruction, *McGriff v. McGriff*, 114 Ariz. 323, 560 P.2d 1230 (1977), establishes that plaintiff, then 19, and defendant Jerry Barney, 15, were deer hunting when Jerry slipped and fell, his rifle discharged, and plaintiff was shot in both ankles. Plaintiff knew that Jerry was carrying his gun with a bullet in the chamber and that if Jerry dropped the gun or fell it could go off. He did not check to see whether the safety was on or off, but "kind of assumed" that it was on.

The elements of assumption of risk are:

(1) There must be a risk of harm to plaintiff caused by defendant's conduct or by the condition of the defendant's land or chattels;

(2) Plaintiff must have actual knowledge of the particular risk and appreciate its magnitude. (General knowledge of "a danger" is not sufficient.)

(3) Plaintiff must voluntarily choose to enter or remain within the area of the risk under circumstances that manifest his willingness to accept that particular risk. *McGriff*, supra, 114 Ariz. at 325, 560 P.2d at 1232.

Unless plaintiff knew or did not care whether the safety was off, his continuing to hunt with Jerry while the latter was carrying his gun cocked and loaded might constitute contributory negligence but did not justify an instruction on assumption of risk. The evidence being to the contrary, the jury should not have been instructed on assumption of risk and the motion for new trial was properly granted.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.