638 P.2d 219

Carter C. CHAMBERS, a single man, Appellant,

v.

WESTERN ARIZONA CATV, an Arizona corporation, Appellee.

No. 15342.

Supreme Court of Arizona, In Division.

Dec. 22, 1981.

Rolle, Jones, Benton & Cole by John Paul Plante, Yuma, for appellant.

Hunt, Stanley, Hossler & Rourke, Ltd. by Douglas S. Stanley, Yuma, for appellee.

GORDON, Justice:

This case comes before us on appeal from the granting of appellee's motion for directed verdict. We have jurisdiction pursuant to A.R.S.Const. Art. 6, § 5(3) and Rule 19(e), Arizona Rules of Civil Appellate Procedure, and we reverse and remand for a new trial.

Appellee contracted with appellant to install a cable for cable television in appellant's mobile home. To install the cable, appellee's employees strung a cable from the main line abutting appellant's property to the mobile home. The cable traversed appellant's yard. Appellee's employees connected the cable to appellant's television but left it lying in the open in appellant's yard.

Immediately after the installation, appellant noticed that the cable had not been buried. He never reported this to appellee, however. For the next three months, appellant walked across the cable daily and mowed the grass around it at least six times. Then, one summer morning before the sun rose, appellant was watering his lawn. Apparently, he momentarily forgot about the cable, tripped over it, and injured himself.

Appellant then sued appellee for negligent installation of the cable. At trial, in addition to presenting evidence of the above facts, appellant elicited this testimony from Charles S. Clark, appellee's manager:

"Q. [Appellant's attorney] Now, let's say for the moment that immediately after the same day that a cable is buried that not just the part that comes out of the ground into the trailer but a good deal of the rest of the cable is already visible. Does that mean that the cable, that such a cable would be improperly buried?

"A. [Mr. Clark] That's right.

"Q. Do you always dig a trench when—

"A. We do.

"Q. And if there's no trench dug, then the cable is improperly buried?

"A. If they lay the cable it's improperly buried. If there's no trench.

"Q. If they just lay it on top?

"A. That's right. It's improperly installed if it's laying on top.

\* \* \* \* \* \*

"Q. Are there safety reasons why cables are supposed to be buried?

"A. That's right. Definitely.

"Q. Is that the basic reason why they are supposed to be buried?

"A. Well, that and it helps preserve the cable.

"Q. Is one of the reasons why you bury the cable so someone won't trip over it?

"A. That's correct.

"Q. And another reason is so that the cables don't get mowed?

"A. That's right. They'll definitely get mowed if they are on top of the ground.

"Q. Do you consider it very dangerous not to have a television cable across someone's yard properly buried?

"A. What do you mean very dangerous?

"Q. Do you believe that it creates a substantial risk that someone is going to get hurt?

"A. That's right, it would.

"Q. And you and your company are well aware that there is a danger that someone may trip if a cable is improperly buried; is that right?

"A. That's right."

At the end of appellant's case, appellee moved for a directed verdict. Over appellant's objection, the motion was granted. Appellant then took this appeal challenging the granting of that motion.

▮ A motion for directed verdict admits the truth of the opposing party's competent evidence, and if reasonable minds can differ as to the conclusions to draw from that evidence, a directed verdict cannot be granted. *Figueroa v. Majors*, 85 Ariz. 345, 338 P.2d 803 (1959). The basis of the trial court's ruling was that appellant had failed to prove a prima facie case of negligence. In making this ruling, the court recited the fact that appellant had been aware of the cable's condition for three months and had not complained about it to appellee. We hold that granting the motion was error because reasonable minds could find appellant proved a prima facie case of negligence.

▮ A reading of the record indicates that the trial court believed that appellant's awareness of the cable's condition and his subsequent inaction constituted contributory negligence or an assumption of the risk. Even if this evidence would prove either defense, a directed verdict would not be proper. Article 18, § 5 of the Arizona Constitution provides that these defenses are always questions of fact and their effect on the case must be left to the jury. "Clearly and unmistakably, the defense of contributory negligence does not defeat a plaintiff's recovery unless the jury says it shall." *Heimke v. Munoz*, 106 Ariz. 26, 29, 470 P.2d 107, 110 (1970). Thus, appellant's own negligent actions, if any, are irrelevant to his prima facie proof of appellee's negligence.

▮ To prove a prima facie case of negligence, appellant must show appellee breached a duty owed to appellant.[1] *Massengill v. Yuma County*, 104 Ariz. 518, 456 P.2d 376 (1969). Appellee was engaged in the business of laying and connecting cables for cable television. "[O]ne who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of the profession or trade in good standing in similar communities." Restatement (Second) of Torts § 299A (1965). Through the testimony of Mr. Clark, appellee admitted that the standard of care in the business was to bury cables rather than to leave them lying on the ground and admitted that its employees breached that standard of care.

Viewed in a different manner, "An independent contractor is liable for injuries caused by his own negligence or that of his servants in the course of his performance of the work, or his liability may be stated to be for his breach of the standard of due, ordinary, or reasonable care, or for his fail-

1. Proof of an injury caused by the breach is also an element of a prima facie case of negligence, but that element is not contested in this action.

ure to leave the premises in as safe a condition as they were found * * *." 65 C.J.S. *Negligence* § 95(a).[2] Again through Mr. Clark's testimony, appellee admitted it failed to leave appellant's premises in as safe a condition as it found them.

Therefore, reasonable minds could find that appellant proved appellee breached its duty of care to him and that appellant thereby established a prima facie case of negligence. It was error to grant appellee's motion for directed verdict; the case should have been presented to the jury.

Reversed and remanded for a new trial.

HOLOHAN, V. C. J., and HAYS, J., concur.

2. Appellee cites us to the rule of 65 C.J.S. *Negligence* § 95(b)—once an independent contractor completes the work and the owner accepts it, the contractor is not thereafter liable to injuries to third persons caused by defects in the work. We adopted this rule in *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967), with the exception that there is liability if the contractor's work creates an inherently dangerous condition. The rule has no application to the instant case because it was the owner of the premises and not a third party that was injured.